UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIOGO R. DUARTE, an individual, on
behalf of himself and those similarly
situated,

     Plaintiff,

v.                                                    Case No:   6:14-cv-2077-Orl-28TBS

VALERIE PEREZ; LBV GNC, INC.; WTS
GNC, INC.; VKM LLC; and S.V. ALAVI
ENTERPRISES, INC.,

     Defendants.
_____

## REPORT AND RECOMMENDATION

     This case is before the Court on Defendants' Motion to Dismiss Plaintiff's

Complaint or, in the Alternative, to Stay Proceedings Pending the Outcome of Related

State Court Proceedings (Doc. 17).   For the reasons that follow, it is respectfully

recommended that the motion be **DENIED**.

### I. Allegations in the Complaint[1]

     Defendant Valerie Perez owns, operates, and controls the finances of Defendants

LBV GNC, Inc., WTS GNC, Inc., and VKM LLC (collectively "GNC") (¶¶ 1, 11, 18).   GNC

operates General Nutrition Centers, Inc., franchise stores (¶ 11).   It is an "enterprise

engaged in commerce," with annual gross revenues in excess of $500,000 per year (¶¶

23-26).   The other corporate Defendant, S.V. Alavi Enterprises, Inc., is the predecessor

to VKM (¶ 10).   The corporate entities that comprise GNC share common officers and

personnel, all of whom are hired, supervised, and fired by Perez (¶¶ 12, 14, 16).   Perez

_____

[1] All of the facts in this section come from Plaintiff's complaint (Doc. 1).

also determines the work schedules for GNC's employees, and regularly moves employees between stores to cover shifts (¶¶ 14, 17).   While Alavi was in operation, Perez controlled it and supervised its employees in the same way (¶ 15).

GNC employees routinely worked in excess of 40 hours per workweek but were not paid overtime as required by the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 201 *et seq.* (¶¶ 31, 36).   To avoid the appearance that their employees were working overtime, Perez and GNC scheduled the employees to work at different locations during the workweek (¶ 33).   Each location belongs to a different corporate Defendant, which would issue a separate paycheck to the employee (¶ 34).   Plaintiff Diogo R. Duarte was one of these employees.   He became employed at different times by each of the Defendants (¶¶ 8-10).   His employment by all of them ended on or about October 11, 2014 (Id.).   When he was employed by Defendants, Plaintiff regularly worked more than 40 hours per week without being paid one and a half times his regular rate of pay for the hours he worked in excess of 40 per week (¶¶ 39-40).   He alleges that there are additional persons who were/are employed by GNC who are similarly situated to him and who may become plaintiffs in the future (¶ 31).   Count one of Plaintiff's complaint seeks the recovery of overtime compensation, liquidated damages, attorney's fees and costs from Perez, LBV, WTS and VKM (¶¶ 1-47).   Count two seeks the same relief from Perez and Alavi (¶¶ 1-6, 10, 11, 15-32, 36-41, 48-53).

## II. Motion to Dismiss

The Defendants seek dismissal or in the alternative, a stay of this action (Doc. 17). Their argument is based in part on the fact that when Plaintiff filed this case, he also filed a lawsuit against them in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, No. CA-14-12993 (Doc. 17 at 2).   Plaintiffs' state court complaint alleges

that he is entitled to specific performance of two stock purchase agreements he entered

into with Perez (Doc. 17-1).   In the first agreement, Perez agreed to sell Plaintiff 200

shares of WTS stock, representing a 40% ownership interest in the company (Id., ¶ 8).

In the second agreement, Perez agreed to sell Plaintiff 200 shares of the stock in LBV

which equates to a 40% interest in that company (Id., (¶ 16).   Plaintiff admits the

existence of his state court lawsuit, but argues that it has no bearing on this case since he

was not an owner of WTS or LBV when his FLSA claims accrued, and that he will only

become an owner at some unknown point in the future if he prevails in state court (Doc.

23 at 3-5).[2]

Defendants also seek dismissal on the grounds that Plaintiff's desire to be "class

representative" should this become a collective action is antithetical to his claim of a 40%

ownership stake in WTS and LBV, and his current position as a director of LBV (Doc. 17

at 5-6; Doc. 17-2).   Plaintiff does not deny that he is a director of LBV (Doc. 23).

Next, Defendants argue that Plaintiff is not a proper party because he has not filed

a consent to join this lawsuit (Doc. 17 at 6-7).   Lastly, they contend that Plaintiff's

allegations that Defendants are a common or joint enterprise are insufficient because

Plaintiff has not alleged facts showing the type of business activities the corporate

Defendants are jointly engaged in, or their common purpose (Id., 7-10).

### III. Legal Standard

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) tests the sufficiency of the

---

[2] Plaintiff's Notice of Pendency of Other Actions, which is required by Local Rule 1.04(d), affirmatively states that this case "IS NOT related to any pending or closed civil or criminal cases filed with this Court, or any other Federal or State court, or administrative agency" (Doc. 15).   While there are certainly differences between the state and federal court cases, Plaintiff's omission of the state court case from the notice reflects an unreasonably narrow reading of the local rule.   Generally speaking, if two parties are asserting claims against each other in two different suits, those suits should be considered "related" for purposes of the local rule.

complaint.   La Gresta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004). Because FED. R. CIV. P. 8(a)(2) requires the plaintiff to "show[]" that he is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do.   Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007).   To survive dismissal under Rule 12(b)(6), the plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'"   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged."   Iqbal, 556 U.S. at 678. In evaluating a complaint under this standard, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011).   Legal conclusions devoid of any factual support are not entitled to an assumption of truth.   Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

### IV. Discussion

A. Plaintiff as Class Representative

Defendants argue that Plaintiff should not be permitted to bring claims on behalf of other employees who are similarly situated because a conflict exists between his interests and theirs (Doc. 17, p. 5).   Defendants observe that, if Plaintiff prevails in state court, he may obtain a 40% ownership interest in two of the Defendant corporations (Id.). This, they argue, would defeat his FLSA claim, since 29 C.F.R. § 541.101 exempts from the requirements of the FLSA individuals who own at least a 20% share of the corporation

(Id.).   Defendants also contend that Plaintiff, as a "manager" of the stores and a director of LBV, is not "similarly situated" to any prospective opt-in plaintiffs.

Defendants don't explain why Plaintiff's subsequent acquisition of an ownership interest in two of the Defendant corporations would defeat Plaintiff's claims accruing under the FLSA before he acquires that ownership interest.   Moreover, the issue of whether Plaintiff should be allowed to proceed on behalf of other employees of Defendants is not ripe for adjudication.   At this point, nobody else has consented to join the lawsuit.   Until someone does, questions concerning which employees are "similarly situated" to Plaintiff and whether Plaintiff is a suitable candidate to represent any similarly situated employees are entirely academic.

B. Consent to Join

Defendants argue in their motion that Plaintiff's failure to file a notice of consent to join under 29 U.S.C. § 216(b) defeats their claim, since under that statute, all plaintiffs, including named plaintiffs, must file a notice of consent to join in FLSA collective actions. See also 29 U.S.C. § 256 (providing that a collective action does not "commence[]" as to an individual plaintiff, including one named in the complaint until the plaintiff files a notice of consent to join).   Plaintiff has now filed a notice of consent to join (Doc. 15), so this issue is moot.

C. Joint Employment

The FLSA holds "employers" liable for violations of minimum wage and overtime provisions.   29 U.S.C. § 216(b).   It defines "employer" very broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."   29 U.S.C. § 203(d).   The FLSA forbids an employer from "employ[ing] any of his employees … for a workweek longer than forty hours unless such employee

receives … no less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

Separately, the substantive sections of the FLSA limit its scope of coverage to employees who are "engaged in commerce or in the production of goods for commerce" or employees who are "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a)(1), 207(a)(1). "'Enterprise' means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements…." 29 U.S.C. § 203(r).

When an employee works two jobs for two separate companies, and seeks to assert unpaid overtime claims against them, courts may have to determine whether (1) the companies are so-called "joint employers" and (2) whether they are part of the same "enterprise." A finding of joint employment may be significant for two reasons: first, it allows an employee to hold all of the joint employers liable for the misconduct, and second (and more importantly here), it allows an employee asserting a minimum wage claim to aggregate hours worked in each job. A finding that two companies are part of the same "enterprise" may be significant because it allows the plaintiff to aggregate each company's gross sales or revenue in order to reach the $500,000 threshold for enterprise coverage under the FLSA.

The FLSA defines "enterprise," but it provides no definition of joint employment. Department of Labor regulations explain that

> [a] single individual may stand in the relation of an employee
> to two or more employers at the same time under the Fair
> Labor Standards Act of 1938, since there is nothing in the act
> which prevents an individual employed by one employer from
> also entering into an employment relationship with a different
> employer.   A determination of whether the employment by the
> employers is to be considered joint employment or separate
> and distinct employment for purposes of the act depends upon
> all the facts in the particular case.   If all the relevant facts
> establish that two or more employers are acting entirely
> independently of each other and are completely disassociated
> with respect to the employment of a particular employee, who
> during the same workweek performs work for more than one
> employer, each employer may disregard all work performed
> by the employee for the other employer (or employers) in
> determining his own responsibilities under the Act.   On the
> other hand, if the facts establish that the employee is
> employed jointly by two or more employers, i.e., that
> employment by one employer is not completely disassociated
> from employment by the other employer(s), all of the
> employee's work for all of the joint employers during the
> workweek is considered as one employment for purposes of
> the Act.   In this event, all joint employers are responsible,
> both individually and jointly, for compliance with all of the
> applicable provisions of the act, including the overtime
> provisions, with respect to the entire employment for the
> particular workweek.   In discharging the joint obligation each
> employer may, of course, take credit toward minimum wage
> and overtime requirements for all payments made to the
> employee by the other joint employer or employers.

29 C.F.R. § 791.2(a).   This section notes that "a joint employment relationship generally will be considered to exist" when an employee works for two employers at different times during the workweek and "the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer ... is under common control with the other employer."   29 C.F.R. § 791.2(b)(3).

I am unable to discern from their motion whether Defendants are arguing that they are not a joint enterprise, or that they are not joint employers.   They begin by asserting

that Plaintiff "does not plead enough facts to state a plausible basis for a claim under a joint or common enterprise theory," and cite the enterprise coverage provision and cases like Donovan v. Easton Land & Development, Inc., 723 F.2d 1549 (11th Cir. 1984), that explain when different entities are part of the same enterprise (Doc. 17, pp. 7-8).

Then Defendants switch gears, declaring that the averments in Plaintiff's complaint show only "that the individual Defendants could be considered a (vertical) 'joint employer' with, and equally as liable as, each of the corporate Defendants."  (Doc. 17 at 9)   They cite an Eleventh Circuit case standing for the proposition that questions of "enterprise" and questions of liability are separate, and someone who is an employee of one company in an enterprise is not automatically the employee of every company (or individual) in the enterprise.   (Id. (citing Patel v. Wargo, 803 F.3d 632, 637 (11th Cir. 1986))).[3] Defendants proceed to argue that a complaint cannot plausibly plead joint employment unless it contains an "analysis" of "among other facts, each [company's] relationship with each of the other [companies], [the] [p]laintiff's employment with each [company], each [company's] alleged control of [p]laintiff's work, and whether any of these relationships changed over time."  (Doc. 17, p. 9).   Since the complaint contains no such analysis, Defendants conclude that Plaintiff has failed to include facts showing that "Defendants jointly employed Plaintiff."   (Doc. 17, p. 10).

In this report and recommendation, I construe Defendants motion as challenging the sufficiency of the allegations regarding joint ownership, rather than the Defendants' membership in a common enterprise.   But, I also note that the result would be same the other way; even if the complaint did not sufficiently allege that all Defendants are part of

---

[3] This should be obvious on reflection; an employee of American Airlines cannot sue US Airways for an FLSA violation just because both are owned by the same holding company and are probably part of the same enterprise.

one enterprise with gross revenue in excess of $500,000 (see Doc. 1, ¶ 26) as required for enterprise coverage, Plaintiff's allegations of individual coverage would suffice (see id, ¶¶ 29-30).

Contrary to Defendants' suggestion, complaints need not, and indeed should not, contain "analysis" in order to state a claim for relief.   Rather, they need only contain facts sufficient to nudge an inference of liability over the line from "possible" to "plausible." Plaintiff's complaint clears this standard with room to spare.   The allegations of common control and ownership of Defendant corporations by Perez—who Defendants do not suggest is not a "joint employer" with each individual company—puts this case squarely within the pattern outlined in 29 C.F.R. § 791.2(b)(3), a pattern that the Department of Labor explains will "generally" (and thus also "plausibly") lead to a finding of joint employment.

D. Abstention

Finally, Defendants urge the Court to abstain under the doctrine set forth in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). Colorado River abstention is inapplicable because the claims being adjudicated by the state and federal courts are entirely different.   Defendants suggest that nobody else will want to join in this lawsuit as an opt-in plaintiff if Plaintiff wins in state court, but even then Plaintiff's own federal claims would still have to be resolved.   This case does not present the sort of "exceptional circumstances," 424 U.S. at 818, that must be present before a district court will refrain from exercising subject matter jurisdiction under Colorado River.

### V. Recommendation

Upon consideration of the foregoing, I respectfully recommend that Defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, to Stay Proceedings Pending the Outcome of Related State Court Proceedings (Doc. 17) be **DENIED**.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 25, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record