UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIOGO R. DUARTE,

    Plaintiff,

v.                                             Case No: 6:14-cv-2077-Orl-28TBS

VALERIE PEREZ, LBV GNC, INC., WTS
GNC, INC. and VKM, LLC,

    Defendants.

## ORDER

Pending before the Court is Defendants' Motion to Strike Plaintiff's Supplement to his Motion for Summary Judgment (Doc. 41). In connection with his summary judgment motion, Plaintiff filed a "Calculation of overtime Owed Diogo R. Duarte" which Defendant describes as "seem[ing] to be a summary based on payroll data from January 1, 2012 through October 17, 2014." (Doc. 41 at 2). Defendants contend that the summary is an unverified "mere assertion" by counsel (Id. at 3), and must be stricken as it is not evidence.

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court may strike allegations from a pleading on its own motion or on a "motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." FED. R. CIV. P. 12(f). The purpose of the motion to strike "is to 'clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'" Wiand v. Wells Fargo Bank, N.A., 938 F.

Supp. 2d 1238, 1250 (M.D. Fla. 2013) (quoting Slone v. Judd, No. 8:09-cv-1175-T-27TGW, 2009 WL 5214984, at *1 (M.D. Fla. Dec. 29, 2009)).

Plaintiff's motion for summary judgment is not a pleading. See, FED. R. CIV. P. 7(a) (Pleadings consist of complaints, answers to complaints, counterclaims, and crossclaims, third-party complaints, answers to third-party complaints, and replies, if permitted by the court). Accordingly, the motion to strike was improperly filed.

In their motion, Defendants neglect to mention that the actual payroll data summarized is in evidence as exhibits to the Deposition of Defendant Valerie Perez, and that defense counsel stipulated to the use and accuracy of those records. See Doc. 37-1, p. 96 ("Just so you know, I don't think anyone, you or I, is disputing payroll records;" "You don't need to lay the foundation for it."); and p. 115 ("The payroll records speak for themselves – we're not disputing them.").

For these reasons, the motion is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on October 26, 2016.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties